■ In the Matter of KARL H. SEUMENICHT, Respondent, v ZONING BOARD OF APPEALS OF THE CITY OF RYE, Appellant. [629 NYS2d 784] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Rye, dated June 10, 1993, which denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered December 14, 1993, which granted the petition, annulled the determination, and granted the petitioner a variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed and the proceeding is dismissed on the merits.

The petitioner, Karl H. Seumenicht, had a deck and aboveground pool constructed on his property without obtaining a building permit. As the deck and pool substantially encroached on rear and sideyard setback requirements of the applicable zoning ordinance, the petitioner applied for an area variance. The appellant Zoning Board denied his application on the ground that he failed to establish practical difficulties. The Supreme Court annulled that determination and granted the variance subject to certain conditions set forth in a dissenting decision by one of the Zoning Board members. We now reverse.

It is well settled that zoning boards have broad discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the

board is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Although the Zoning Board might have exercised its discretion to grant the variance, we cannot say that its determination to deny the variance was illegal, arbitrary, or an abuse of discretion.

The petitioner had the burden of establishing that, as a practical matter, he could not utilize his property without coming into conflict with zoning restrictions *(see, Matter of Fuhst v Foley, supra).* The petitioner failed to meet that burden as he had occupied a single-family residence on the property for over 30 years *(see, e.g., Matter of Fuhst v Foley, supra; Matter of Slakoff v Hitchcock,* 194 AD2d 613; *Matter of Bienstock v Zoning Bd. of Appeals,* 187 AD2d 578). Moreover, it was not irrational or an abuse of discretion for the Zoning Board to conclude that this was not one of those rare circumstances where a resident's health problems constituted practical difficulties *(see, Matter of Fuhst v Foley, supra),* particularly as it appeared that the pool could be relocated on the property within the setback restrictions, albeit on a smaller scale. Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.