■ In the Matter of PETER W. ECCLES et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF IRVINGTON, Respondent, and HENRY C. WELLS et al., Intervenors-Respondents. [638 NYS2d 162] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington dated July 28, 1992, which, after a hearing, granted the application of the intervenor-respondent Jane K. Wells, *inter alia,* for an area variance, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Lange, J.), entered July 13, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In determining whether to grant an application for an area variance, Village Law § 7-712-b (3) requires a zoning board of appeals to engage in a balancing test, weighing "the benefit to

the applicant" against "the detriment to the health, safety and welfare of the neighborhood or community". The applicant is not required to show "practical difficulties" as that test was formerly applied *(Matter of Sasso v Osgood,* 86 NY2d 374, 384). Here, the Zoning Board of Appeals of the Village of Irvington applied the balancing test and found in favor of the intervenor-respondent Jane K. Wells. Its determination had a rational basis and, accordingly, was properly sustained *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Fuhst v Foley,* 45 NY2d 441, 444). Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.