■ In the Matter of BARI HOMES, INC., Respondent, v ZONING BOARD OF APPEALS OF TOWN OF YORKTOWN, Appellant. [640 NYS2d 222] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown, dated August 2, 1993, which, after a hearing, denied the application of the petitioner for an area variance, the Zoning Board of Appeals of the Town of Yorktown appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered August 1, 1994, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In 1971, the petitioner, Bari Homes, Inc., purchased an unimproved 33,985-square-foot lot in a zone where 40,000 square feet were required for construction of a single family home. At the same time, the petitioner purchased 50 acres across the road from the lot upon which it subsequently received subdivision approval. Twenty-two years after the purchase, the petitioner applied to the Zoning Board of Appeals of the Town of Yorktown (hereinafter the Zoning Board),

for an area variance to build on the lot. The Zoning Board denied the request finding, *inter alia,* that the variance sought would negatively impact the area in which it was located and that the petitioner knew that the lot was non-conforming at the time of purchase.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Zoning Board, and the Supreme Court granted the petition and annulled the determination finding, *inter alia,* that the requested variance represented only a 15% deviation from what was required and that, without the variance, the petitioner would be unable to build on the lot.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see, e.g., Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *Matter of Seumenicht v Zoning Bd. of Appeals,* 217 AD2d 632). We find that in making its determination, the Zoning Board properly applied Town Law § 267-b (3) (b). The record establishes that its determination which denied the variance was rational and not arbitrary and capricious (*see, e.g., Matter of Cowan v Kern,* 41 NY2d 591, 599; *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 314). Mangano, P. J., Miller, Ritter and Hart, JJ., concur.