■ In the Matter of WALTER O'HARA, JR., et al., Respondents, v ZONING BOARD OF APPEALS OF VILLAGE OF IRVINGTON, Appellant. [641 NYS2d 87].—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington, dated April 19, 1994, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from the judgment of the Supreme Court, Westchester County (Nicolai, J.), entered December 19, 1994, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners, in December of 1987, inherited two adjacent lots on Hudson Avenue in the Village of Irvington. Lot 121F contains 21,688 square feet and is improved with a single family dwelling. Lot 121 is 20,467 square feet and is vacant. Prior to February 1989, the property was zoned "IF-20," which

required a minimum of 20,000 square feet for the construction of a one-family dwelling. After February 1989, pursuant to a change in the Village zoning law, the property was rezoned "IF-40" which required 40,000 square feet at a minimum for a buildable lot. The Zoning Board of Appeals of the Village of Irvington (hereinafter the Board) denied the petitioner's application for an area variance to "subdivide" the property to permit the building of a single family dwelling in a decision dated April 19, 1994. The petitioners then commenced the instant proceeding pursuant to CPLR article 78 to review the Board's determination and to direct that the variance be granted. The Supreme Court granted the petition and annulled the Board's determination. We agree with the Supreme Court that the Board's determination was arbitrary and capricious and not supported by substantial evidence.

In *Matter of Sasso v Osgood* (86 NY2d 374, 384), the Court of Appeals held that a Zoning Board in evaluating an area variance application, must, under Town Law § 267-b (3) (b), "engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' if the area variance is granted, and that an applicant need not show 'practical difficulties' as that test was formerly applied" (*see, Matter of Fuhst v Foley*, 45 NY2d 441).

Here, the Board rejected the petitioners' application largely on the grounds that it would adversely affect the character of neighborhood. In reaching this conclusion, the Board defined "neighborhood" by including areas never zoned IF-20 which were several blocks from the petitioners' property and which contained largely lots of 40,000 square feet or more. Yet, the Board acknowledged that the petitioners' difficulty was not self-created and that the benefit to the petitioners was substantial and could not be obtained by any feasible means other than the variance. The Board also concluded that there would not be a substantial impact on the physical and environmental impact to the area.

Furthermore, the Board virtually ignored an expert's opinion, who advised the committee which recommended the re-zoning. He stated that there was no reason to have rezoned this area in the first instance because the area contained only a couple of isolated parcels which could be developed. He noted that the grant of the area variance would not require the granting of any other variances, and would neither create a significant impact on density nor have any substantial impact on the character of the area.

Indeed, in reviewing a very similar case where the same Board denied an area variance to an applicant whose lot was in excess of 20,000 square feet and which is located in the same area as petitioners', we found that the variance "would not affect the density of the neighborhood, since a number of homes in the area were built on one-half or one-quarter acres" (*Matter of Eung Lim-Kim v Zoning Bd. of Appeals*, 185 AD2d 346, 347). Thus, the Supreme Court was correct in granting the petition because the Board neither employed the proper balancing test it must nor supported its determination with substantial evidence. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.