■ In the Matter of GEORGE L. MALIN et al., Appellants, v SHAWN LEIBOWITZ et al., Respondents. [645 NYS2d 99] —In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Kings Point Board of Appeals dated February 8, 1995, which, after a hearing, denied the petitioners' application for area zoning variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered September 26, 1995, which denied the petition and confirmed the determination.

Ordered that the judgment is affirmed, with costs.

In determining whether to grant an application for an area variance, Village Law § 7-712-b (3) (b) requires a zoning board of appeals to balance "the benefit to the applicant * * * as weighed against the detriment to the health, safety and welfare of the neighborhood or community". The applicant for an area variance need not meet the former burden of showing that the denial of the application would cause "practical difficulty" or "significant economic injury" (see, Matter of Sasso v Osgood, 86 NY2d 374, 384). Instead, the zoning board must now apply the balancing test by addressing each of the five factors enumerated in the statute, based upon the evidence before it (see, Matter of Khan v Zoning Bd. of Appeals, 87 NY2d 344, 351-352; Matter of Sasso v Osgood, supra, at 384-386; Matter of Eccles v Zoning Bd. of Appeals, 224 AD2d 525).

In the instant case, the Village of Kings Point Board of Appeals properly applied the balancing test as set forth in Village Law § 7-712-b (3) (b) and denied the application. The Board's determination had a rational basis (see, Matter of Sasso v Osgood, supra, at 384; Matter of Fuhst v Foley, 45 NY2d 441, 444). Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.