■ In the Matter of DOROTHY SNYDER, Respondents, v KENNETH GAUL et al., Appellants. [645 NYS2d 544] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Belle Terre, dated March 20, 1995, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated August 4, 1995, which granted the petition, annulled the determination, and directed the respondents to issue the requested variance.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The Supreme Court improperly relied on the stipulation of the parties settling a prior proceeding pursuant to CPLR article 78, which concerned a rear yard variance, to annul the determination of the Zoning Board of Appeals of the Village of Belle Terre (hereinafter ZBA) in the instant proceeding pursuant to CPLR article 78 which concerns front and side yard variances.

In addition, it is well settled that in determining whether to grant an application for an area variance, a zoning board of appeals is required to engage in a balancing test, weighing " 'the benefit to the applicant' " against " 'the detriment to the health, safety and welfare of the neighborhood or community' " *(Matter of Sasso v Osgood,* 86 NY2d 374, 384; *see also, Matter of O'Hara v Zoning Bd. of Appeals,* 226 AD2d 537; *Matter of Eccles v Zoning Bd. of Appeals,* 224 AD2d 525). Review of the ZBA's "findings of fact" herein indicates that it applied the

balancing test and concluded that the potential detriment to the community outweighed the potential benefit to the petitioner. Since the factual findings of the ZBA had a rational basis, and were supported by substantial evidence, its determination should not have been annulled by the Supreme Court (*see, Matter of Fuhst v Foley,* 45 NY2d 441). Miller, J. P., Ritter, Santucci and Altman, JJ., concur.