■ In the Matter of CAROLYN K. ROSOF, Respondent, v LEONARD BAILIN et al., Appellants. [655 NYS2d 1003] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Great Neck Estates dated April 27, 1995, which, after a hearing, denied the petitioner's application for six area variances, the Zoning Board of Appeals of the Village of Great Neck Estates appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated February 26, 1996, which remitted the matter to it for reconsideration.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the determination is confirmed and the proceeding is dismissed on the merits.

The petitioner applied to the Zoning Board of Appeals of the Village of Great Neck Estates (hereinafter the Zoning Board) for six area variances to allow her to subdivide a single parcel of land consisting of two adjacent lots and construct a single family residence on one of them. The Zoning Board denied the requested variances, and the petitioner commenced the instant CPLR article 78 proceeding, *inter alia,* to annul that determination. The Supreme Court granted the petition and remitted the matter to the Zoning Board for reconsideration. We reverse.

It is well settled that local zoning boards have broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Cowan v Kern,* 41 NY2d 591, 599). "Absent arbitrariness, it is for locally selected and locally responsible officials to determine where the public interest in zoning lies" *(Matter of Cowan v Kern, supra,* at 599).

In determining whether to grant an application for an area variance, Village Law § 7-712-b (3) (b) requires a zoning board of appeals to engage in a balancing test, weighing "the benefit to the applicant if the variance is granted" against "the detriment to the health, safety and welfare of the neighborhood or community by such grant" *(Matter of Sasso v Osgood,* 86 NY2d 374, 384; *Matter of Eccles v Zoning Bd. of Appeals,* 224 AD2d

525). Applying this test, we find that the Zoning Board's determination had a rational basis and was supported by substantial evidence. Therefore, the matter should not have been remitted for further consideration *(see, Sasso v Osgood, supra; Matter of Doyle v Amster,* 79 NY2d 592, 597; *Matter of Cowan v Kern, supra; Matter of Bari Homes v Zoning Bd. of Appeals,* 226 AD2d 368; *Matter of Four M. Constr. Corp. v Fritts,* 151 AD2d 938; *Matter of Scarsdale Ave. Equities Assocs. v Board of Appeals,* 199 AD2d 397, 399). Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.