■ In the Matter of EDWARD H. JOHNSON, Respondent, v VILLAGE OF WESTHAMPTON BEACH et al., Appellants. PETER G. HOYT et al., Intervenors-Appellants. [663 NYS2d 663] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Westhampton Beach dated May 18, 1995, which, after a hearing, *inter alia*, denied the petitioner's application for a front yard variance of 28.9 feet, a side yard variance of 20 feet, and a habitable square footage variance of 96 feet, and an action, *inter alia*, for a judgment declaring that the determination denying the variances constitutes a taking of the petitioner's property, the Village of Westhampton Beach and the Zoning Board of Appeals of the Village of Westhampton Beach appeal and the intervenors Peter G. Hoyt, Ellen G. Hoyt, Walter A. Green, and Lola Green separately appeal from a judgment of the Supreme Court, Suffolk County (Stark, J.), entered July 25, 1996, which granted the petition and directed the Zoning Board of Appeals of the Village of Westhampton Beach to award the petitioner the relief he requested pursuant to CPLR article 78.

Ordered that the judgment is reversed, on the law, with costs, the cause of action asserted in the petition/complaint seeking to annul the determination dated May 18, 1995, is denied, the determination is confirmed, that branch of the petition/complaint is dismissed on the merits and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the causes of action seeking, *inter alia*, declaratory relief.

In a proceeding pursuant to CPLR article 78 to review a de-

termination of a zoning board of appeals, judicial review is limited to determining whether the action taken by the board is supported by substantial evidence and is not illegal, arbitrary, or an abuse of discretion (*see, Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 351; *Matter of Fuhst v Foley*, 45 NY2d 441, 445). In considering the petitioner's application, the respondent Zoning Board of Appeals of the Village of Westhampton Beach (hereinafter Westhampton Beach) properly applied the balancing test prescribed by Village Law § 7-712-b (3) (b) (*see, Matter of Khan v Zoning Bd. of Appeals, supra*, at 352; *Matter of Malin v Leibowitz*, 229 AD2d 580). Because the factual findings of Westhampton Beach, as a whole, had a rational basis in the record and were supported by substantial evidence its determination should have been sustained.

In light of our determination on the portion of the petition/complaint seeking relief pursuant to CPLR article 78, the matter must be remitted for a determination of those causes of action seeking, *inter alia*, declaratory relief. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.