■ In the Matter of WILLIAM PASTARNACK, Appellant, v ALISON S. PASTARNACK, Respondent. [669 NYS2d 925] —In a habeas corpus proceeding to restore the petitioner's visitation rights with his infant children, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated January 14, 1997, as awarded the former wife counsel fees in the sum of $2,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court properly awarded the former wife counsel fees in the sum of $2,500 without conducting a hearing (*see,* Domestic Relations Law § 237 [b]). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.

■ In the Matter of OLEG RODZIANKO et al., Appellants, v JOANNE BERGMAN et al., Respondents. [669 NYS2d 925] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Nyack, dated October 28, 1996, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Miller, J.), dated January 28, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In determining whether to grant an application for an area variance, Village Law § 7-712-b (3) (b) requires a zoning board of appeals to balance "the benefit to the applicant * * * as weighed against the detriment to the health, safety and welfare of the neighborhood or community". The zoning board must apply the balancing test by addressing each of the five factors enumerated in the statute, based on the evidence before it (*Matter of Sasso v Osgood,* 86 NY2d 374, 384; *Matter of Malin v Leibowitz,* 229 AD2d 580).

In the instant case, the determination of the Zoning Board of Appeals of the Village of Nyack had a rational basis. The Board properly applied the balancing test as set forth in Village Law § 7-712-b (3) (b) and denied the application. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.