■ In the Matter of KENNETH L. BERMAN et al., Appellants, v ROBERT HART et al., Respondents. [682 NYS2d 612] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Lawrence, made after a hearing, granting Linda Calandrillo's application for an area variance, the petitioners appeal

from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered October 7, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

In determining whether to grant an application for an area variance, Village Law § 7-712-b (3) (b) requires a zoning board of appeals to engage in a balancing test, weighing "the benefit to the applicant if the variance is granted" against "the detriment to the health, safety and welfare of the neighborhood or community by such grant" (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 384; *Matter of Rosof v Bailin,* 237 AD2d 612; *Matter of Johnson v Village of Westhampton Beach,* 244 AD2d 335). Applying this test, we find that the determination of the Board of Zoning Appeals of the Incorporated Village of Lawrence (hereinafter Board of Zoning Appeals) to uphold the grant of the area variance was supported by substantial evidence on the record when read as a whole (*see, Matter of Johnson v Village of Westhampton Beach, supra; Matter of Rosof v Bailin,* 237 AD2d 612, *supra,* citing *Matter of Sasso v Osgood, supra*).

Although the petitioners argue that the Board of Zoning Appeals erred in granting Linda Calandrillo's application for a use variance, the need for such a variance became academic by Calandrillo's conformance with the applicable provision of the Village Code, and no use variance was granted. Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.