■ In the Matter of CHADWICK GARDENS ASSOCIATES, L. L. C., Appellant, v CITY OF NEWBURGH ZONING BOARD OF APPEALS, Respondent. [709 NYS2d 450] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City of Newburgh Zoning Board of Appeals, dated February 27, 1998, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Orange County (Zambelli, J.), entered November 6, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, the owner of an apartment complex, applied to the City of Newburgh Zoning Board of Appeals (hereinafter the ZBA) for an area variance to allow it to construct 32 additional apartment units on its property which were 23 units more than would be allowed by the minimum square footage requirement of City of Newburgh Code § 300-50 (B). The ZBA denied the requested variance and the petitioner commenced the instant CPLR article 78 proceeding. The Supreme Court denied the petition. We affirm.

In determining whether to grant an application for an area variance, General City Law § 81-b (4) requires zoning boards to "take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood" (*Matter of Sasso v Osgood,* 86 NY2d 374, 384; *see, Matter of Rosof v Bailin,* 237 AD2d 612). Applying this test, the ZBA determination had a rational basis and was supported by substantial evidence on the record when read as a whole (*see, Matter of Berman v Hart,* 256 AD2d 333, 334; *Matter of Johnson v Village of Westhampton Beach,* 244 AD2d 335, 336; *Matter of Rosof v Bailin, supra,* citing *Matter of Sasso v Osgood, supra,* at 384).

Furthermore, contrary to the appellant's contention, a negative declaration under Environmental Conservation Law article 8 (SEQRA) with respect to a proposed development is not dispositive of the issue of that development's impact on a neighborhood and the ZBA may deny an area variance on other grounds (*see, e.g.,* General City Law § 81-b [4]; *see also, Matter of Wal-Mart Stores v Planning Bd.,* 238 AD2d 93, 97). More-

over, the determination of the ZBA was not based on the generalized or unsubstantiated concerns of the residential neighbors (*see, Matter of Michelson v Warshavsky,* 236 AD2d 406).

The petitioner's contention that the ZBA relied on maps that were not submitted at any of the hearings is rebutted by the petitioner's own reference to those maps in its letter to the ZBA, dated February 19, 1998, in support of its application, as well as in the affirmation of the petitioner's attorney in support of its petition, dated nearly a month before the ZBA filed a return.

The petitioner's remaining contentions are without merit. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.