In the Matter of PAMELA LA MOTTA, Appellant, v GORDON S. ZIEGLER et al., Respondents. [813 NYS2d 540]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Muttontown dated March 2, 2004, which denied the petitioner's application for two area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Jonas, J.), dated November 10, 2004, which denied the petition, confirmed the determination, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owns premises located in the Village of Muttontown, Nassau County. Without obtaining permits from the Village, the petitioner installed a pool filter and constructed a tennis court on her premises. The Village's Chief Building Inspector determined that area variances would be needed to maintain the tennis court and the pool filter in their existing locations. After conducting a public hearing, the Village's Board of Zoning Appeals (hereinafter the BZA) denied the requested variances. Thereafter, the petitioners instituted a proceeding pursuant to CPLR article 78 to review the BZA's determination. The Supreme Court confirmed the BZA's determination, denied the petition, and dismissed the proceeding. We affirm.

Local zoning boards have broad discretion in considering ap-

plications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374 [1995]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]; *Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville,* 5 AD3d 496 [2004]; *Matter of Scimone v Humenik,* 1 AD3d 370 [2003]).

In determining whether to grant an area variance, a zoning board of appeals is required by Village Law § 7-712-b (3) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Sasso v Osgood, supra; Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville, supra; Matter of Scimone v Humenik, supra*). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3]; *Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville, supra; Matter of Scimone v Humenik, supra*).

Here, the BZA weighed the relevant statutory factors and its determination, including the finding that the tennis court and pool filter could feasibly be relocated to a conforming location on the petitioner's premises, was not arbitrary or capricious (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344 [1996]; *Matter of Johnson v Village of Westhampton Beach,* 244 AD2d 335 [1997]; *Matter of Berman v Hart,* 256 AD2d 333 [1998]). Accordingly, the Supreme Court correctly upheld the BZA's determination.

The petitioner's remaining contention is without merit. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.