OPINION OF THE COURT
 

 Simons, J.
 

 This appeal requires us to interpret the provisions of recently enacted Town Law § 267-b (3) regulating area variances. Specifically, the question is whether the provisions of the statute are exclusive or whether an applicant for an area variance must make a showing of "practical difficulties.” The Appellate Division came to the latter conclusion that, the provisions of the statute notwithstanding, an applicant must show "practical difficulties” before being entitled to an area variance. We disagree, and reverse the order of that Court.
 

 I
 

 In 1989, intervenor Gerald Speach purchased a waterfront parcel of land situated on Graham’s Creek, a man-made canal in the Town of Henderson. The creek is located on the eastern end of Lake Ontario near the mouth of the St. Lawrence River and is lined with commercial and private boathouses. Speach’s property, undeveloped but for an existing single slip boathouse, is located within a "lakefront district” as designated by local ordinances adopted in 1991 and is a "special permit” use. It has an area of 5,200 square feet and is approximately 50 feet wide along the road that is its northern border and 72 feet wide at the waterfront. The Town of Henderson zoning ordinances require a minimum lot area of 12,000 square feet and minimum lot width of 100 feet. Thus Speach’s property is substandard in both area and width.
 

 
 *379
 
 In 1990, Speach applied to the Town of Henderson Zoning Board of Appeals for area variances to allow him to demolish the existing structure and build a larger boathouse. At that time, the local ordinances required a minimum lot size of 7,500 square feet. Petitioners Sasso and Edney, who own adjacent lots developed with boathouses and residences, objected to the application. They contended that Speach’s proposed boathouse would obstruct their access to light, air and view, and that the foundations of their structures and their septic systems would be damaged by construction and altered water drainage patterns. The Zoning Board granted the variances, and petitioners commenced a CPLR article 78 proceeding to annul that determination. Supreme Court dismissed the petition, but on appeal, the Appellate Division reversed and granted it. The Appellate Division determined that Speach had failed to demonstrate "practical difficulties sufficient to justify an area variance” primarily because he had not shown that " 'strict enforcement of the [zoning] ordinance will cause him a significant economic injury’ ”
 
 (Matter of Sasso v Gamble,
 
 181 AD2d 988).
 

 In 1993, Speach submitted a new application for area variances to the Zoning Board based on changed circumstances since his 1990 application. Speach had altered the design of the boathouse and its method of construction to address the concerns of petitioners, and he argued that local redistricting of the property in 1991 supported his application. Speach also relied on newly enacted Town Law § 267-b (3) which, he contended, no longer required him to show economic hardship or practical difficulties. Applying the criteria set forth in the new statute, the Zoning Board granted Speach’s application for a variance. Supreme Court denied petitioners’ ensuing article 78 petition to annul the determination of the Zoning Board, but on appeal to the Appellate Division, that Court annulled the determination of the Zoning Board and granted the petition. The Court noted that the standards for granting area variances under the former test of practical difficulties and the new statutory criteria are not appreciably different, and held that "an applicant still must demonstrate that strict compliance with the zoning ordinance will result in practical difficulties”
 
 (Matter of Sasso v Osgood,
 
 206 AD2d 837, 838). We granted intervenor’s motion for leave to appeal to this Court.
 

 II
 

 Prior to July 1, 1992, the authority of Town Zoning Boards of Appeal to grant variances from local zoning ordinances was
 
 *380
 
 defined in Town Law former § 267. The boards were authorized to grant variances "[w]here there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of [local] ordinances” provided that "the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done” (Town Law former § 267 [5]). Although the former statute did not distinguish between "use” and "area” variances or assign the specific tests to them, court decisions generally applied the "unnecessary hardship” test in use variance cases, while requiring a demonstration of "practical difficulties” in area variance cases
 
 (see, Matter of Village of Bronxville v Francis,
 
 1 AD2d 236, 238,
 
 affd
 
 1 NY2d 839;
 
 see also, Matter of Hoffman v Harris,
 
 17 NY2d 138, 144;
 
 Dauernheim, Inc. v Town Bd.,
 
 33 NY2d 468, 471;
 
 Matter of Off Shore Rest. Corp. v Linden,
 
 30 NY2d 160, 168).
 

 A three-pronged test of "unnecessary hardship” was clearly articulated more than 50 years ago
 
 (see, Matter of Otto v Steinhilber,
 
 282 NY 71, 76) and that test, now embodied in Town Law § 267-b (2), has been applied in use variance cases without substantial difficulty
 
 (see, e.g., Matter of Village Bd. v Jarrold,
 
 53 NY2d 254;
 
 see also, Holy Sepulchre Cemetery v Board of Appeals,
 
 271 App Div 33;
 
 Matter of Fasani v Rappaport,
 
 30 AD2d 588;
 
 Matter of Swartz v Wallace,
 
 87 AD2d 926;
 
 Matter of Varley v Zoning Bd. of Appeals,
 
 131 AD2d 905;
 
 Matter of Dwyer v Polsinello,
 
 160 AD2d 1056;
 
 Matter of Drake v Zoning Bd. of Appeals,
 
 183 AD2d 1031). The definition and application of the "practical difficulties standard” has proven far more troublesome.
 

 Lacking a statutory definition, we have recognized the existence of "practical difficulties” where the unusual topography of the subject parcel interfered with construction of a building
 
 (see, Matter of Wilcox v Zoning Bd. of Appeals,
 
 17 NY2d 249, 255), and where area variances were required to build a house on an amply sized but oddly shaped parcel that did not meet frontage and side yard requirements
 
 (Conley v Town of Brookhaven Zoning Bd. of Appeals,
 
 40 NY2d 309, 316). We have also suggested that an area variance could be granted upon a showing of "significant economic injury”
 
 (Matter of Fulling v Palumbo,
 
 21 NY2d 30, 33;
 
 see also, Matter of Cowan v Kern,
 
 41 NY2d 591, 596). In
 
 Matter of National Merritt v Weist
 
 (41 NY2d 438) we considered both unique topography and economic injury relevant to the application for an area variance.
 
 *381
 
 These cases are only illustrative. We have noted several times that there is no precise definition of the term "practical difficulties”
 
 (Matter of Doyle v Amster,
 
 79 NY2d 592, 595;
 
 Matter of Fuhst v Foley,
 
 45 NY2d 441, 445), observing that "[t]he basic inquiry at all times is whether strict application of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner”
 
 (Matter of De Sena v Board of Zoning Appeals,
 
 45 NY2d 105, 108).
 

 Without any legislative guidance defining the requirements for an area variance, the courts began to develop a list of considerations to be applied under Town Law former § 267
 
 (see, Matter of Wachsberger v Michalis,
 
 19 Misc 2d 909,
 
 affd
 
 18 AD2d 921;
 
 see also, Matter of Friendly Ice Cream Corp. v Barrett,
 
 106 AD2d 748;
 
 Human Dev. Servs. v Zoning Bd. of Appeals,
 
 110 AD2d 135,
 
 affd
 
 67 NY2d 702). Although originally offered as guidance for determining whether "the spirit of the ordinance [is] observed, public safety and welfare secured and substantial justice done”
 
 (see, Matter of Wachsberger v Michalis,
 
 19 Misc 2d, at 912 [Meyer, J.],
 
 supra),
 
 these criteria came to be known as the "practical difficulties” test
 
 (see,
 
 2 Anderson, New York Zoning Law and Practice § 23.34, at 208-209 [3d ed]). The criteria notwithstanding, however, precise and concise definition of "practical difficulties” never emerged from the case law. In particular, it remained unclear whether a showing of "significant economic injury” was part of the "practical difficulties” test
 
 (see, e.g, Matter of Doyle v Amster,
 
 79 NY2d 592,
 
 supra; Matter of Orchard Michael, Inc. v Falcon,
 
 65 NY2d 1007;
 
 Matter of Children’s Hosp. v Zoning Bd. of Appeals,
 
 181 AD2d 1056;
 
 Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals,
 
 155 AD2d 854;
 
 Matter of Salierno v Briggs,
 
 141 AD2d 547).
 

 Effective July 1, 1992, the Legislature repealed former section 267 of the Town Law, and enacted comprehensive provisions governing Zoning Boards of Appeals (L 1991, ch 692).
 
 [1]
 
 Unlike the former section 267, the new statute defines "use” and "area” variances, as well as the criteria to be evaluated in determining applications for each. Use variances may be granted upon an applicant’s showing "that applicable zoning regulations and restrictions have caused unnecessary hardship,” expressly incorporating that phrase as it existed in
 
 *382
 
 former section 267 of the Town Law. The statute defines the elements of proof necessary to establish unnecessary hardship, essentially codifying the criteria originally set forth in
 
 Matter of Otto v Steinhilber
 
 (282 NY 71, 76,
 
 supra),
 
 with the added requirement that the applicant prove that "the alleged hardship has not been self-created” (Town Law § 267-b [2] [b] [4]).
 

 The standard for area variances is contained in section 267-b (3) of the Town Law in a provision that does not expressly require the applicant to prove "practical difficulties”. It states:
 

 "In making its determination [whether to grant an area variance], the zoning board of appeals shall take into consideration
 
 the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant.
 
 In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance.” (Town Law § 267-b [3] [b] [emphasis added].)
 

 The five factors listed parallel the criteria previously used by the lower courts and identified by Professor Anderson as the "practical difficulties” test (2 Anderson, New York Zoning Law and Practice § 23.34,
 
 op. cit.; see, e.g., Matter of Friendly Ice Cream Corp. v Bennett,
 
 106 AD2d 748,
 
 supra; Human Dev. Servs. v Zoning Bd. of Appeals,
 
 110 AD2d 135,
 
 supra; Matter of Wachsberger v Michalis,
 
 19 Misc 2d 909,
 
 affd
 
 18 AD2d 921,
 
 supra).
 

 Ill
 

 The precise question posed on this appeal is whether by failing to include the phrase "practical difficulties” in the new
 
 *383
 
 statute, the Legislature has eliminated the requirement that the applicant for an area variance make that showing.
 

 Intervener Speach argues that the court may look only to the plain and unambiguous language of the statute when construing it
 
 (see, Sega v State of New York,
 
 60 NY2d 183, 190-191). He asserts that while Town Law former § 267 required a showing of practical difficulties or unnecessary hardship before an area or use variance was granted, the new statute incorporates only unnecessary hardship for use variances (Town Law § 256-b [2]) and fails to incorporate the old practical difficulties standard in subdivision (3), the provision which now regulates area variances. Thus, he maintains, a showing of "practical difficulties” is not an element of an application for an area variance. Notwithstanding the absence of any explicit reference to "practical difficulties” in Town Law § 267-b (3), however, the subdivision is ambiguous because it requires the Zoning Board to consider whether "the alleged
 
 difficulty
 
 was self-created” (Town Law § 267-b [3] [b] [5] [emphasis added]). Accordingly, we must examine the Legislature’s intent in amending the statute.
 

 Reference to the Bill Jacket for chapter 692 of the Laws of 1991 supports intervenor’s contention that an applicant for an area variance need not show "practical difficulties” as required under Town Law former § 267 and prior case law. Documents in the Bill Jacket make clear that the statute was enacted to clarify existing law by setting forth readily understandable guidelines for both Zoning Boards of Appeal and applicants for variances and to eliminate the confusion that then surrounded applications for area variances. Thus one memorandum states:
 

 "The rules governing the granting of area variances that have been established by the courts are not nearly as clear as those governing use variances, and the result has been a great deal of confusion by boards of appeals, with a high degree of potential exposure to litigation. The new Town Law, section 267-b (3) and Village Law, section 7-712-b (3) resolve this problem by establishing a statutory test for the issuance of area variances which is flexible and which incorporates what we believe are the best features of the court decisions in order to protect the community” (Bill Jacket, L
 
 *384
 
 1991, ch 692, at 26, Mem of Executive Deputy Secretary of State James Baldwin).
 

 The same intent may be found in several other memoranda and establish that the legislation was enacted to aid laypersons — both applicants and lay members of Zoning Boards of Appeal — in understanding and implementing the existing case law; it was intended to have "little impact on existing laws since the main thrust of the legislation is to clarify and establish, in statute, the powers of the Zoning Board as already defined by jurisprudence” (Bill Jacket,
 
 op. cit,
 
 at 20, Mem of NY State Conference of Mayors and Other Municipal Officials ["(t)his legislation does not substantially change the existing law, but, clarifies the present statute”];
 
 see also, id.,
 
 at 23, Mem of Assembly Sponsor Magee;
 
 id.,
 
 at 33, Mem of NY State Conference of Mayors and Other Municipal Officials;
 
 id.,
 
 at 35, Mem of Association of Towns).
 

 We conclude Town Law § 267-b (3) (b) requires the Zoning Board to engage in a balancing test, weighing "the benefit to the applicant” against "the detriment to the health, safety and welfare of the neighborhood or community” if the area variance is granted, and that an applicant need not show "practical difficulties” as that test was formerly applied.
 

 IV
 

 Applying the new statute we conclude that the action of the Henderson Zoning Board was rational and not arbitrary and capricious
 
 (see, Matter of Cowan v Kern,
 
 41 NY2d 591, 599,
 
 supra; McGowan v Cohalan,
 
 41 NY2d 434, 438).
 
 [2]
 
 As required by Town Law § 267-b (3) (b), the Zoning Board addressed five specific criteria. First, it determined that no undesirable change would be produced in the character of the neighborhood, because Graham’s Creek serves primarily as a
 
 *385
 
 site for boathouses and commercial marinas, and that the addition of intervenor’s proposed three-slip boathouse will not result in a significant increase in boat traffic or noise. The Zoning Board’s conclusion that the variance will have minimal impact on nearby properties is supported by evidence that intervenor’s boathouse will comply with all setback and height restrictions imposed by local ordinances. In making this finding, the Board had before it and considered the conditions imposed on intervenor’s construction by the Town Planning Board which mitigated concerns voiced by petitioners
 
 (see,
 
 Town Law § 267-b [3] [b] [1]).
 

 Next, the Zoning Board concluded that no alternatives other than the grant of area variances existed, because intervenor’s lot is of substandard size, and
 
 no
 
 improvement to the property could be made without the requested lot size and width variances
 
 (id,.,
 
 subd [3] [b] [2]). The Zoning Board then acknowledged that the variances sought were substantial, but that there was no available adjacent land for intervenor to purchase so that he could meet the zoning requirements, and granting the variances would merely permit intervenor to use his property for a permitted use equal to all other neighboring lots
 
 (id.,
 
 subd [3] [b] [3]). The Zoning Board’s conclusion under subdivision (3) (b) (4) that granting the variances would lead to no adverse effect or impact on the neighborhood other than the previously discussed effect on petitioners is also supported by the record.
 

 The only determination of the Zoning Board not supported by the record is its conclusion that intervenor’s difficulty was not self-created. The record reveals that the parcel was of substandard lot size when intervenor purchased it in 1989 and it is well established that, in such circumstances, the variance applicant’s difficulty or hardship is self-created
 
 (see, Matter of Doyle v Amster,
 
 79 NY2d 592, 597,
 
 supra; Conley v Town of Brookhaven Zoning Bd. of Appeals,
 
 40 NY2d 309, 315,
 
 supra).
 
 Nevertheless, the statute expressly states that the fact that the applicant’s difficulty was self-created does not necessarily preclude the granting of the area variance (Town Law § 267-b [3] [b] [5]). Under all the circumstances presented, the Board did not act arbitrarily in granting a variance notwithstanding the applicant’s self-created difficulty.
 

 In sum, the Zoning Board weighed the benefit to intervenor —the opportunity to fully use his property for a permitted use —against any detriment to the health, safety and welfare of
 
 *386
 
 the neighborhood or community, and determined to grant the variance. Its conclusions find ample support from the photographs and other materials in the record, and its determination was not irrational, arbitrary or capricious. Thus, the Appellate Division erred in reversing the order of Supreme Court confirming the determination.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs to intervenor against petitioners, and the judgment of Supreme Court, Jefferson County, reinstated.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . Although we address only the changes to the Town Law, the legislation made identical changes to the corresponding provisions of the Village Law
 
 (see,
 
 L 1991, ch 692, §§ 5-8).
 

 [2]
 

 . [3] We have said that the Zoning Board’s determination must be supported by "substantial evidence”
 
 (see, Matter of Doyle v Amster,
 
 79 NY2d 592, 596,
 
 supra; Matter of Fuhst v Foley,
 
 45 NY2d 441, 444,
 
 supra; Conley v Brookhaven Town Zoning Bd. of Appeals,
 
 40 NY2d 309, 314,
 
 supra).
 
 However, a determination of a Zoning Board is administrative or quasi-legislative in character and rationality is the appropriate standard of review. The Board’s actions are to be distinguished from quasi-judicial determinations reached upon a hearing involving sworn testimony
 
 (compare, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,
 
 45 NY2d 176; CPLR 7803 [4]). When reviewing the determinations of a Zoning Board, courts consider "substantial evidence” only to determine whether the record contains sufficient evidence to support the rationality of the Board’s determination.