■ In the Matter of JOHN FILANGERI et al., Appellants, v NICHOLAS PULICHENE et al., Constituting the Zoning Board of Appeals of the Town of Gardiner, Respondents. [645 NYS2d 151] —Mercure, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 2, 1995 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents

granting a request by Joseph Holveck and Donna Holveck for an area variance.

In May 1994, Joseph Holveck and Donna Holveck obtained a building permit for the construction of a single-family modular dwelling on two contiguous lots (hereinafter the property) situated front to rear in an AR-80 zoning district of the Town of Gardiner, Ulster County. A stop work order was thereafter issued due to the fact that the lots, even as combined, did not satisfy the applicable requirements for minimum lot width and street frontage. The Holvecks applied for an area variance and a hearing was conducted before respondents on July 21, 1994. At that time petitioners, adjacent property owners, appeared and objected to the proposed variance upon the grounds, among others, that the application should have first gone before the Town of Gardiner Planning Board, the survey of the property was incomplete, the Holvecks' hardship was self-created by the location of the structure on the property, and the Holvecks did not have clear title to the property. Respondents then made a negative declaration of environmental significance and approved the variance, permitting a deviation of 9.2 feet from the 200-foot minimum lot width and 36 feet from the 200-foot minimum street frontage. This CPLR article 78 proceeding ensued; Supreme Court summarily granted judgment in favor of respondents dismissing the petition and petitioners now appeal.

In view of the fact that the findings underlying respondents' decision to grant the subject variance application are insufficient to permit intelligent judicial review, we are constrained to reverse Supreme Court's judgment and remit the matter to respondents for reconsideration and the making of appropriate findings of fact. Specifically, respondents appear to have given no consideration to petitioners' objections concerning the Holvecks' lack of good title to the property, the combining of the two lots and the failure to refer the application to the Planning Board for its recommendation. More serious, respondents' determination gives no indication that they took into consideration the benefit to the applicants of granting the variance, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant, or any of the other factors identified in Town Law § 267-b (3) (b) as applicable to an area variance (*see, Matter of Sasso v Osgood*, 86 NY2d 374, 383-384). Under the circumstances, we are precluded from exercising our proper role of ascertaining whether respondents' determination has a rational basis and is supported by substantial evidence (*see, Matter of Hanson v*

*Valenty*, 198 AD2d 598; *Matter of Becton v New York City Tr. Auth.*, 130 AD2d 745; *Matter of Greene v Johnson*, 121 AD2d 632; 2 Anderson, New York Zoning Law and Practice §§ 25.31, 25.32).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.