■ In the Matter of HERBERT C. ROGERS, Appellant, v JACK BAUM et al., Individually and as Members of the Zoning Board of Appeals of the Town of Mt. Pleasant, Westchester County, et al., Respondents. [650 NYS2d 452] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Donovan, J.), entered June 22, 1995 in Westchester County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Mt. Pleasant denying petitioner's request for an area variance.

In May 1989, petitioner purchased two adjacent parcels of land on Cedar Avenue in the Town of Mt. Pleasant, Westchester County, known as lots 4 and 5. On lot 5, petitioner built a single-family residence. Lot 4, the subject of this proceeding, was not developed. Lot 4 was rendered a legal nonconforming parcel of land by a change of zone when the Town amended its zoning ordinance in 1958. Although the subject parcel exceeded by more than 50% the required lot size of 20,000 square feet

and conformed to all other lot size restrictions, it measured 22 feet less than the 150-foot mean depth requirement. Sometime in 1994, petitioner applied for a building permit to construct a single-family residence and a one-car garage. Following the denial of his application, petitioner appealed to the Town Zoning Board of Appeals (hereinafter the ZBA) for a mean depth variance. Following a hearing, the ZBA denied petitioner's application.

Petitioner commenced this CPLR article 78 proceeding challenging the ZBA's determination. Supreme Court dismissed the petition finding that the ZBA had correctly considered the applicable statutory criteria and that its determination was rational and supported by substantial evidence in the record. Petitioner appeals.

Initially, we reject petitioner's claim that as the owner of a lot rendered substandard by the adoption of the 1958 zoning ordinance, he is entitled to an area variance as a matter of right (*see, Matter of Van Perlstein v Oakley*, 203 AD2d 853; *Matter of Ewers v Zoning Bd. of Appeals*, 165 AD2d 873). The Court of Appeals has recently refused to recognize a common-law right to such an exemption (*see, Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 350). In rejecting the need for a common-law rule to protect landowners the Court observed, "A municipality may in the reasonable exercise of its police powers change its zoning to control land use and development. A municipality that chooses to make such changes may, but need not, exempt existing owners of substandard lots from the changes' more onerous effects" (*supra*, at 350). Although petitioner argues in his brief that the Town's zoning ordinance automatically exempts owners of existing building lots rendered substandard by passage of the Town's zoning ordinance, he does not document this claim in the record before us by reference to specific language exempting substandard lots from minimum *area* restrictions, nor does he demonstrate that lot 4 would qualify for such an exemption.

It is settled law that "a Zoning Board's determination must be upheld if it is rational and supported by substantial evidence" (*Matter of Khan v Zoning Bd. of Appeals, supra,* at 351). The consideration of " 'substantial evidence' " is limited to determining "whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d 374, 384, n 2). Furthermore, "we may not substitute our judgment for that of [the ZBA] so long as [its] determination is rational and not arbitrary and capricious" (*Verstandig's Florist v Board of Appeals*, 229 AD2d 851, 852).

The standard of review for an area variance is now codified in Town Law § 267-b (3) (*see*, L 1991, ch 692, § 3, eff July 1, 1992). The statute lists five factors to be considered by a Zoning Board in determining whether to grant the variance* and "requires the Zoning Board to engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' " (*Matter of Sasso v Osgood, supra*, at 384, quoting Town Law § 267-b [3]). In this case, we find that the ZBA properly applied the balancing test in denying the variance and that the determination had a rational basis.

Evidence at the hearing established that petitioner had already begun to remove trees and deposit fill in anticipation of the proposed construction changing the character of the neighborhood by altering the natural contours of the land. These changes increased the existing grade of the lot, which is located on a hill, from an angle of 26 degrees to 45 degrees, and in some instances, to an angle of 75 degrees. This proof supported the ZBA's findings that this condition exacerbated the land erosion and water runoff problems for neighboring property owners located below the parcel. The ZBA also expressed concern about the stability of the fill used to prepare the lot for construction. It also noted concerns by property owners in reference to devaluation of their land due to flooding. All of this evidence further supported the ZBA's determination that "[t]he proposed construction would have a definite adverse impact on both the physical and environmental conditions of the neighborhood".

Moreover, the ZBA's finding that the difficulty was self-created is supported by evidence that the lot was substandard at the time petitioner purchased it (*see, Matter of Sasso v Osgood*, 86 NY2d 374, 385, *supra; Matter of Doyle v Amster*, 79 NY2d 592, 597; *Conley v Town of Brookhaven Zoning Bd. of Appeals*, 40 NY2d 309, 315). The ZBA weighed these criteria against its findings that the requested variance was not

---

\* These factors are as follows: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

substantial and the benefit sought by petitioner could not be obtained by other feasible means. After considering the factors, the ZBA denied the variance.

Under all the circumstances, we cannot say that the ZBA's determination was irrational, arbitrary or capricious. Accordingly, we affirm Supreme Court's judgment dismissing the petition.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.