■ In the Matter of TERRY R. STEWART, Appellant, v JAMES FERRIS et al., Constituting the Zoning Board of Appeals of the Town of Stillwater, Respondents. [653 NYS2d 973] —Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 2, 1996 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for an area variance.

In June 1994, petitioner purchased a 0.931-acre vacant lot in the Town of Stillwater, Saratoga County. The lot is located in an area zoned rural residential under the Stillwater Zoning Ordinance, which requires a two-acre minimum to build a single-family residence (*see*, Stillwater Zoning Ordinance § 8.41). One month later, petitioner applied for a building permit to construct a single-family residence on the lot. Following the denial of his application, petitioner appealed to the Town Zoning Board of Appeals for an area variance. Following hearings, the Zoning Board denied petitioner's application. Petitioner commenced this CPLR article 78 proceeding challenging the Zoning Board's determination. Supreme Court dismissed the petition without opinion. Petitioner appeals.

The standard of review for an area variance is codified in Town Law § 267-b (3) (*see*, L 1991, ch 692, § 3). Pursuant to this statutory provision, the Zoning Board must engage in a balancing test by weighing the benefit the grant of the area variance would have to petitioner against the detriment to the health, safety and welfare of the neighborhood (*see*, Town Law § 267-b [3] [b]; *see also*, *Matter of Sasso v Osgood*, 86 NY2d 374, 384). The factors to be considered by the Zoning Board are as follows: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

To annul the Zoning Board's determination, this "court must

conclude that the determination was not supported by substantial evidence on the record *when read as a whole*" (*Matter of Tarantino v Zoning Bd. of Appeals*, 228 AD2d 511, 512 [emphasis supplied]; *see, Matter of Sasso v Osgood, supra,* at 384, n 2). Upon our review of the entire record in this matter, we are satisfied that the Zoning Board's determination denying petitioner an area variance is supported by substantial evidence. The record demonstrates that the proposed area variance would have an effect on the physical condition of the area (*see,* Town Law § 267-b [3] [b] [4]) and result in an undesirable change in the character of the neighborhood (*see,* Town Law § 267-b [3] [b] [1]). Specifically, there is a significant discrepancy in the size of petitioner's lot with that of surrounding lots. Notably, the lots directly abutting and across the street from petitioner's lot are 41.12 and 11.78 acres, respectively. Moreover, numerous lots in the surrounding area are well over the two-acre minimum imposed under the zoning ordinance.

The record further demonstrates that petitioner's hardship was self-created (*see,* Town Law § 267-b [3] [b] [5]) in that the lot was already substandard when purchased from the County for a mere $2,400 (*see, Matter of Rogers v Baum*, 234 AD2d 685). Significantly, petitioner purchased the lot "hoping to obtain the necessary permits". Additionally, the record reveals that the requested area variance is substantial (the lot, at 0.931 of an acre, is more than 50% less than that required under the zoning ordinance) (*see,* Town Law § 267-b [3] [b] [3]). Finally, there is no evidence in the proceeding before the Zoning Board that petitioner made an effort to employ other feasible methods—such as purchasing adjoining property to bring his lot into compliance with the minimum acreage requirement—to achieve his goal of constructing a single-family residence on the lot (*see,* Town Law § 267-b [3] [b] [2]).

We find that the record contains sufficient " 'substantial evidence' * * * to support the rationality of the Board's determination" (*see, Matter of Sasso v Osgood, supra,* at 384, n 2 [citation omitted]). Accordingly, we affirm Supreme Court's judgment dismissing the petition.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.