■ In the Matter of NUS HOLDING CORP. et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF SOUTHAMPTON,

Respondent. [661 NYS2d 539] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southampton, dated March 21, 1996, which denied an application for use and area variances to expand a preexisting, nonconforming bar/nightclub use, and to build an adjacent parking lot, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered July 25, 1996, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The instant proceeding involves two contiguous parcels of land identified on the Suffolk County Tax Map as parcels No. 900-386 2032 and 900-386 2033 (hereinafter Lots No. 32 and 33). Located on Lot No. 32 was the Summers Beach Club, which was owned by the appellant NUS Holding Corp. (hereinafter NUS). Lot No. 33, which was undeveloped, was owned by the appellant Frederick Scholz. Due to severe storms at the end of 1992, which damaged the club building and caused considerable erosion on the beach, in 1993, the respondent Zoning Board of Appeals of the Town of Southampton (hereinafter the Zoning Board) granted variances to NUS for the purpose of rebuilding and relocating the club building. Subsequently, in 1995, the appellants applied for further variances to build a patio to alleviate traffic on the existing deck, and to create a parking lot on Lot No. 33 to provide more parking to patrons and because that was the only economically viable use for Lot No. 33. The Zoning Board denied the appellants' application for the variances. The Supreme Court dismissed the appellants' CPLR article 78 proceeding on the grounds that the Zoning Board's determination was rational, and not arbitrary and capricious.

Upon our review of the record, we find that the Board properly considered the factors set forth in the Code of the Town of Southampton § 330-166 (C) and Town Law § 267-b (2) (b); (3) (b) in evaluating the petitioners' application, and its denial of their request for use variances and an area variance was both rational and supported by substantial evidence in the record (see, Matter of Sasso v Osgood, 86 NY2d 374, 384, n 2; Matter of Cowan v Kern, 41 NY2d 591). Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.