■ In the Matter of MARTIN FELDI et al., Appellants, v ARNOLD AMSTER et al., Constituting the Zoning Board of Appeals of Town of Clarkstown, et al., Respondents. [671 NYS2d 990] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Clarkstown, dated August 5, 1996, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated May 1, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners purchased a parcel of land which included a single-family dwelling. They applied to the respondent Zoning Board of Appeals of the Town of Clarkstown (hereinafter the ZBA) to subdivide the parcel into two lots, so that they could build a second single-family dwelling, and a garage behind the existing dwelling. In order to build, the petitioners needed variances from both Town Law § 280-a, relating to frontage on a public highway or similar road, and from the Zoning Law of the Town of Clarkstown, relating to lot frontage. A public hearing was held, after which the ZBA voted unanimously to deny the relief requested. The petitioners then commenced the instant proceeding seeking review of the ZBA's determination, arguing that it was arbitrary and capricious and not supported by substantial evidence. The Supreme Court confirmed the ZBA's determination and dismissed the proceeding. We affirm.

We agree with the Supreme Court that the ZBA's determination, which was based, in part, on the application of the balancing test contained in Town Law § 267-b (3) (b), was based upon substantial evidence in the record and was neither arbitrary nor capricious (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 385).

The petitioners' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.