■ In the Matter of HELEN C. GILCHRIST, Doing Business as GILCHRIST MARINA, Appellant, v TOWN OF LAKE GEORGE PLANNING BOARD, Respondent. [680 NYS2d 320] —Cardona, P. J. Appeals from a judgment and amended judgment of the Supreme Court (Dier, J.), entered July 8, 1997 and July 14, 1997 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for approval to install a gasoline storage tank on her property.

Petitioner is the owner of certain waterfront property located in the Town of Lake George, Warren County, which has operated as a marina for the past 43 years. The property is located in a residential commercial high density lakeshore (RCH-LS) district and its use as a marina predates the Town's zoning ordinance and is permissible as a prior nonconforming use. Upon the property there is located a 1,000-gallon above-ground gasoline storage tank which has not been used for more than 15 years.

In October 1996, petitioner applied to respondent for site plan review to obtain approval to install a 2,000-gallon underground gasoline storage tank on the property in connection with the proposed sale of gasoline to boaters. Following various public hearings, respondent denied the application noting inadequate parking, concerns for public safety, environmental issues caused by water pollution, other complaints voiced by adjoining neighbors and petitioner's failure to maintain the existing facilities. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court dismissed the petition and this appeal ensued.

Addressing first petitioner's claim that respondent was without authority to require site plan review in connection with the proposed installation of the 2,000-gallon gasoline storage tank, we note that petitioner failed to raise this issue at

the administrative level and, therefore, has not preserved it for our review (*see, Matter of Clowry v Town of Pawling*, 202 AD2d 663, 664).

Turning to the merits, a determination of a local board concerning matters of zoning will be upheld if rational and supported by substantial evidence (*see, Matter of Fuhst v Foley*, 45 NY2d 441, 444; *Matter of Rogers v Baum*, 234 AD2d 685, 686). "The consideration of ' " ' 'substantial evidence' " ' is limited to determining ' "whether the record contains sufficient evidence to support the rationality of the Board's determination" ' " (*Matter of Rogers v Baum, supra*, at 686, quoting *Matter of Sasso v Osgood*, 86 NY2d 374, 384, n 2). In making the inquiry, the court will not substitute its judgment for that of the local board (*see, Matter of Rogers v Baum, supra*, at 686; *Verstandig's Florist v Board of Appeals*, 229 AD2d 851, 852).

In this case, numerous adjoining property owners expressed opposition to petitioner's application at the public hearings pointing out that the marina is in close proximity to a public beach and the proposed sale of gasoline to boaters would increase boat traffic in the area, thereby posing a safety hazard to swimmers. There was also argument that the quality of the water in the area would deteriorate due to increased boat traffic and gasoline overspills. In addition, public comments were heard regarding already existing traffic congestion and problems with parking resulting from patrons of the marina blocking neighboring driveways. A representative of the local fire department added that the congestion was so significant that it would be impossible for a fire truck to maneuver properly to respond to a fire. Inasmuch as these points were considered by respondent in denying petitioner's application, we conclude that respondent's determination has adequate support in the record and, therefore, is rational (*cf., Matter of Ferrigan v Thompson*, 135 AD2d 953, *appeal dismissed* 72 NY2d 854; *compare, Matter of Ireland v Zoning Bd. of Appeals*, 195 AD2d 155).

Furthermore, petitioner argues that the installation of the 2,000-gallon gasoline storage tank constitutes an accessory use to its operation of the marina. We find that argument unpersuasive. "Under the doctrine of accessory use, a landowner is permitted to maintain an accessory use in conjunction with a permitted nonconforming use if the accessory use is truly incidental to the nonconforming use and does not change the basic nature of the use of the property" (*Verstandig's Florist v Board of Appeals, supra*, at 852). The installation of a new gasoline tank for the purpose of facilitating the sale of gasoline to

the public would increase the volume and scope of the business of the marina as it has existed. It would replace an existing tank which has not been used for many years with a larger tank. In our view, this constitutes an expansion and enlargement of the original use of the property as a marina and violates the provisions of the zoning ordinance (*see, id.*; *Matter of Lindstrom v Zoning Bd. of Appeals*, 225 AD2d 626; *Garcia v Holze*, 94 AD2d 759). Additionally, inasmuch as there has been no sale of gasoline in connection with the operation of the marina for at least 15 years, a period in excess of the one-year period specified in the zoning ordinance (*see,* Town of Lake George Zoning Ordinance § 175-61), we conclude that the use was abandoned (*see, Matter of Toys "R" Us v Silva*, 89 NY2d 411, 415). We have considered petitioner's remaining contentions and find them to be without merit.

Mikoll, Crew III, White and Carpinello, JJ., concur. Ordered that the judgment and amended judgment are affirmed, without costs.