■ In the Matter of JOHN FILANGERI et al., Appellants, v HOWARD FOSTER et al., Constituting the Zoning Board of Appeals of the Town of Gardiner, Respondents. [684 NYS2d 50] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 9, 1997 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Gardiner granting an area variance to petitioners' neighbors.

Joseph Holveck and Donna Holveck own a residential building lot (comprised of two adjoining lots situated front-to-back) in the Town of Gardiner, Ulster County. The lot has highway frontage of 164 feet, a rear lot line of 223 feet and side lines of 479 feet and 461 feet. In 1994, the Holvecks undertook to

construct a single-family residence at the approximate center of the lot, where the overall width is just slightly less than 200 feet. Following the erroneous issuance of a building permit and partial construction of the dwelling, the Holvecks were required to apply for an area variance due to the fact that the zoning ordinance then in effect required a 200-foot minimum lot width and a 200-foot minimum street frontage. Ultimately, respondents, comprising the Zoning Board of Appeals of the Town of Gardiner, granted the requested variance.

Petitioners, the owners of properties adjoining the Holvecks' lot, then brought a CPLR article 78 proceeding to challenge respondents' determination. Supreme Court dismissed the petition, but on appeal this Court reversed, determining that respondents' decision was insufficient to permit intelligent judicial review (*Matter of Filangeri v Pulichene*, 229 AD2d 702, 703). We accordingly remitted the matter to respondents for the making of appropriate factual findings (*id.*). By that time, amendments to the Zoning Law of the Town of Gardiner, effective December 26, 1995 placed the Holvecks' lot in an AR-200 zoning district, which required a 250-foot minimum lot width and an 187.50-foot minimum street frontage. After obtaining a favorable recommendation from the Town of Gardiner Planning Board, receiving input from its Town Attorney on the status of the title to the Holvecks' property and giving detailed consideration to all the deficiencies cited in our prior decision, respondents rendered a de novo determination granting the Holvecks a variance. Petitioners then brought this CPLR article 78 proceeding to challenge respondents' determination. Supreme Court dismissed the petition, petitioners appeal and we now affirm.

Pursuant to Town Law § 267-b (3) (b), in making a determination on an area variance application, a "zoning board of appeals shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant", and shall also consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty

was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

In our view, respondents satisfied their obligation of detailing the facts applicable to the case, applying those facts to the several statutory criteria and reaching an overall determination as to whether an area variance should be granted on the basis of its balancing of the benefit to the landowner against any detriment to the health, safety and welfare of the neighborhood or community (*see, Matter of Sasso v Osgood*, 86 NY2d 374, 385-386; *Matter of Stewart v Ferris*, 236 AD2d 767). Obviously, the requested area variance is not substantial. Further, in view of the record evidence that the Holvecks' lot is larger in overall area or width than several of the surrounding properties (including some of those owned by petitioners), respondents' conclusion that the granting of a variance would result in no undesirable change in the character of the neighborhood or detriment to nearby properties is entirely rational (*see, Matter of Sasso v Osgood, supra*; *compare, Matter of Stewart v Ferris, supra*). Petitioners concede that the fourth statutory consideration has no application here and, although the hardship was self-created to the extent that the lot was already substandard when created (*see, Matter of Stewart v Ferris, supra*), such a finding is not fatal to the application (*see*, Town Law § 267-b [3] [b] [5]).

We are entirely unpersuaded by petitioners' contrary contentions. The argument that the Holvecks could and should have satisfied the zoning ordinance and avoided the present "intrusion into the privacy of neighboring houses and the disfigurement of the neighborhood as a whole" by the simple expedient of turning their house sideways (thereby transforming lot "depth" into lot "width") is absurd. We also express our considerable displeasure with petitioners' substantial reliance upon the provisions of former section 30.74 (c) of the Zoning Law of the Town of Gardiner, which they claim imposes requirements in excess of those contained in Town Law § 267-b (3) (b). As pointed out in respondents' brief, section 30.74 was replaced effective December 26, 1995. As related to area variances, the new provision conforms precisely to the requirements of Town Law § 267-b (3) (b) and imposes no additional requirements. We also note that, although petitioners had an opportunity in their reply brief to explain or excuse their very misleading error, they chose instead to ignore the issue entirely.

Petitioners' remaining contentions have been considered and found to be similarly unavailing.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.