■ In the Matter of Mark Chase et al., Appellants, v Zoning Board of Appeals of Town of Wilton, Respondent. [695 NYS2d 434] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered October 2, 1998 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review respondent's determination denying petitioners' request for an area variance.

Petitioners' property, which they purchased in 1996, is located in the Town of Wilton, Saratoga County, in a zoning district that requires a minimum of 200,000 square feet, or 4.6 acres, for farm animals. In 1997, petitioners obtained two sheep and several chickens, which they kept on the property. Neighbors complained and, following an investigation, the Town zoning code enforcement officer advised petitioners that their property did not meet the minimum size requirement for keeping farm animals. When the area variance thereafter applied for was denied, they commenced this CPLR article 78 proceeding to challenge respondent's determination. Supreme Court dismissed the petition on the merits and granted respondent's request for an injunction directing removal of the farm animals; petitioners appeal.

In deciding whether to grant an area variance, Town Law § 267-b (3) requires, *inter alia*, that a zoning board "engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' " (*Matter of Sasso v Osgood*, 86 NY2d 374, 384, quoting Town Law § 267-b [3] [b]).

A review of the record establishes that respondent, after public hearings held by it, considered the relevant factors, engaged in the required balancing test and rendered a determination which has the requisite rational basis and evidentiary support in the record (*see, Matter of Stewart v Ferris*, 236 AD2d 767; *see also, Matter of Rogers v Baum*, 234 AD2d 685, 686). Although petitioners' property is undersized by only about 10% and there appears to be no feasible alternative to the variance (*see,* Town Law § 267-b [3] [b] [2], [3]), petitioners' introduction of farm animals into a residential neighborhood has, as a result of the significant odor emanating from the

manure, produced an undesirable change in the character of the neighborhood and/or a detriment to nearby properties (*see,* Town Law § 267-b [3] [b] [1]). The record also reveals that the Town's engineer opined that the presence of the farm animals created the potential for contamination of neighbors' wells, and the closest neighbor reported that her shallow, dug well, which had previously tested satisfactory, had tested positive for coliform while petitioners' variance application was pending (*see,* Town Law § 267-b [3] [b] [4]). In addition, although petitioners claim that they relied on the realtor's listing, which described the property purchased by them as a five-acre lot, there was sufficient information available from which petitioners could have determined that the actual acreage of their purchase was less than the 200,000-square-foot minimum for keeping farm animals (*see,* Town Law § 267-b [3] [b] [5]).

Petitioners claim that right-to-farm legislation adopted by the Town—chapter 61 of the Town Code declares that farming is an essential activity within the Town and authorizes farmers to engage in farming practices within the Town "provided * * * such practices are legal under the zoning ordinances" (Code of Town of Wilton § 61-3)—entitles them to maintain farm animals on their property. Given that petitioners' property absent a variance does not meet the minimum size requirement, the farming practices engaged in by them are not even legal under the zoning ordinance. Inasmuch as petitioners were required to obtain a variance and, as already noted, there is a rational basis for respondent's denial of petitioners' request therefor, the judgment dismissing the petition must be affirmed.

Cardona, P. J., Mikoll, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.