■ In the Matter of RONDA BIVONA et al., Respondents, v TOWN OF PLATTEKILL ZONING BOARD OF APPEALS, Appellant. [701 NYS2d 734] —Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 17, 1998 in Ulster County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioners' request for an area variance.

The object of this proceeding is a two-acre parcel of land in the Town of Plattekill, Ulster County, which contains a multiple-dwelling structure whose construction predated the adoption of the Town's zoning ordinance. Petitioners, who reside on adjacent property, contracted in 1997 to purchase the subject parcel which the previous owner had abandoned and which had been foreclosed upon. It is undisputed that the property is located in an R-40 residential zoning district which requires a lot size of 40,000 square feet (approximately one acre) per dwelling unit (Town of Plattekill Zoning Ordinance § 110-36). Petitioners intended to repair the structure and use it as a four-unit residential rental property but the subject parcel consists of only approximately 80,000 square feet. The prior owner had used the structure on the property as a four-unit residential dwelling which, as noted, under existing R-40 zoning, requires a 160,000 square-foot lot (four units at 40,000 square feet per dwelling). As of 1990, multiple dwellings such as the proposed four-unit dwelling are permitted "special uses" in the Town's R-40 district (Town of Plattekill Zoning Ordinance §§ 110-6, 110-20) provided, inter alia, that certain minimum lot area and design standards are satisfied (Town of Plattekill Zoning Ordinance § 110-49 [G] [2] [formerly (H) (2)]).

In 1991, the prior owner had obtained approval from the Town's Planning Board to subdivide his then three-acre parcel to create a one-acre parcel on which to construct a single-family home, leaving the existing four-unit structure on the remaining two acres, i.e., the subject parcel. However, that subdivi-

sion approval was expressly conditioned on the prior owner's conversion of the structure from a four-unit dwelling to a two-unit dwelling, thereby bringing it into conformance with the regulations for an R-40 district, i.e., a two-unit dwelling on two acres. After constructing the single-family home on the single acre and partially converting the existing structure on the subject parcel, the prior owner abandoned the subject property to the mortgagee bank which acquired the property through foreclosure.

When petitioners' title search revealed this conversion condition to the subdivision approval, they applied to the Town's Zoning Board of Appeals (hereinafter ZBA) for an area[1] variance to authorize the property's use as a four-unit residential dwelling. Since this R-40 zoned district requires 40,000 square feet per dwelling unit (or 160,000 square feet for four units) and the subject parcel was only approximately 80,000 square feet, the request entailed an area variance of 80,000 square feet (*see*, Town Law § 267 [1] [b]). Notably, petitioners did not elect to apply to the Planning Board for a special use permit pursuant to section 110-49 (G) (2) (formerly [H] [2]) of the Town of Plattekill Zoning Ordinance. Hearings before the ZBA ensued at which petitioners submitted figures to show they would lose $11,460 per year if the property were used as zoned, i.e., as a two-unit building, but would make a small profit if the area variance were granted. Petitioners took title to the property in January 1998, prior to the ZBA's decision dated February 26, 1998 (filed Mar. 13, 1998) denying the requested area variance.

Petitioners thereafter commenced this CPLR article 78 proceeding as a result of which Supreme Court annulled the ZBA's decision denying the variance—finding it was arbitrary and capricious and irrational, as it was unsupported by sufficient record evidence—and directed the ZBA to grant the requested variance permitting the use of this structure as a four-unit dwelling.

On the ZBA's appeal, we reverse Supreme Court's judgment and reinstate the ZBA's determination. As an initial matter, we are not persuaded by the ZBA's contention, raised for the first time on this appeal, that petitioners were required to obtain a special use permit from the Planning Board pursuant to Town of Plattekill Zoning Ordinance § 110-49 (G) in order to

---

1. While petitioners initially applied for a use variance, all parties promptly agreed that, in actuality, an area variance of 80,000 square feet of lot area was required. Thus, the application was treated as a request for an area variance (*see*, Town Law § 267 [1] [b]).

use the premises as requested. The ZBA proceeded to entertain this application pursuant to Town Law § 267-b, without objection, as a request for an *area variance* from section 110-36 of the Town of Plattekill Zoning Ordinance requiring 40,000 square feet per dwelling unit in R-40 zoned districts, and did not raise this objection in its pleadings or otherwise before Supreme Court. While the burden on petitioners would have been different had they elected to apply for a special use permit under section 110-49 (G) (2) (*see, Matter of C & A Carbone v Holbrook*, 188 AD2d 599; *Matter of Fischlin v Board of Appeals*, 176 AD2d 50, 53; *Matter of Mobil Oil Corp. v Oaks*, 55 AD2d 809), the ZBA has at all times treated this solely as an area variance application, has applied that statutory criteria (*see*, Town Law § 267-b) to this request, and has not demonstrated on these facts that it was precluded from doing so under the Town's zoning ordinance.

Turning to the merits, it is well established that judicial review of local zoning boards' discretionary determinations on area variance applications is circumscribed and that courts may not set aside such determinations unless the record reveals illegality, an abuse of discretion or arbitrariness (*see, Matter of Cowan v Kern*, 41 NY2d 591, 598-599; *Conley v Town of Brookhaven Zoning Bd. of Appeals*, 40 NY2d 309, 314; *see also, Matter of Fuhst v Foley*, 45 NY2d 441, 444-445). Thus, our review is limited to whether the record contains sufficient evidence to support the rationality of the ZBA's determination (*see, Matter of Sasso v Osgood*, 86 NY2d 374, 384, n 2; *Matter of Cellco Partnership v Bellows*, 262 AD2d 849, 851; *Matter of Stewart v Ferris*, 236 AD2d 767; *Matter of Rogers v Baum*, 234 AD2d 685, 686).

Town Law § 267-b codifies the standard for area variances and requires the ZBA to engage in a balancing test, weighing "the benefit to the applicant" against "the detriment to the health, safety and welfare of the neighborhood or community" if the variance is granted (Town Law § 267-b [3] [b]; *see, Matter of Sasso v Osgood, supra*, at 384; *Matter of Stewart v Ferris, supra; Matter of Rogers v Baum, supra*, at 687). A review of the ZBA's determination demonstrates that it faithfully adhered to the prescribed statutory criteria and weighing analysis and that its rationality is supported by sufficient evidence in the record.

The ZBA concluded that the proposal would produce an undesirable change in the character of the neighborhood in that the surrounding area contains predominantly single-family residences on parcels of one acre or more and there are no

other four-unit dwellings in the area (*see,* Town Law § 267-b [3] [b] [1]). While the prior owner had legally used the preexisting nonconforming four-unit dwelling on three acres of land, he voluntarily abandoned and relinquished that status in 1991 by agreeing to convert the four-unit dwelling to a legal two-unit dwelling on two acres in exchange for further subdivision of the property to construct a single-family home on the remaining acre (*see, Town of Ithaca v Hull,* 174 AD2d 911, 913; *see also, Matter of Marzella v Munroe,* 69 NY2d 967; *cf., Matter of Prudence v Town of Ithaca Zoning Bd. of Appeals,* 195 AD2d 662). The fact that the prior owner failed to complete the conversion prior to the foreclosure—and that the Town assessed the prior owner based upon it being a four-unit structure and that the structure might thereafter have been illegally used for some period of time as a four-unit dwelling (although not so used at the time of this application and sale)—neither restored its preexisting nonconforming use status[2] nor compelled the ZBA to conclude that a four-unit dwelling in this area was consistent with the character of the neighborhood.

Further, the requested variance is undoubtedly substantial— nearly doubling the allowed density of the parcel—which the ZBA viewed to be tantamount to a rezoning of the property (*see,* Town Law § 267-b [3] [b] [3]; *Matter of Cellco Partnership v Bellows, supra,* at 852-853; *Matter of Stewart v Ferris, supra*). Although finding that petitioners' proposal to repair and renovate the problematic structure was supported by most of the neighbors and would not have an adverse impact on the existing physical or environmental conditions other than being out of character with the neighborhood (*see,* Town Law § 267-b [3] [b] [1], [4]), the Planning Board was not persuaded by petitioners' proof that they could not achieve a return on or benefit from the property if it were used as a two-unit dwelling (*see,* Town Law § 267-b [3] [b] [2]). Contrary to Supreme Court's conclusion, the ZBA did not act irrationally in discrediting the largely unsubstantiated budgetary and rental figures submitted by petitioners and in concluding that they had failed to sustain their burden of proof in that regard (*see,* Town of Plattekill Zoning Ordinance § 110-82 [D] [5]).

Finally, the ZBA acted properly in also considering that the hardship was self-created in that petitioners, having actual knowledge of the zoning violations in existence and having applied for the variance, thereafter took title to the subject prop-

---

**2.** The provisions of the Town's zoning ordinance provided by the parties which pertain to nonconforming uses are sections 110-76 through 110-79 and do not compel a contrary conclusion.

erty while their application was still pending (*see*, Town Law § 267-b [3] [b] [5]). In any event, petitioners were chargeable with knowledge of the applicable zoning restrictions (*see*, *Mc-Glasson Realty v Town of Patterson Bd. of Appeals*, 234 AD2d 462, 463, *lv denied* 89 NY2d 812). While this factor, by itself, could not have precluded granting this area variance (*see*, Town Law § 267-b [3] [b] [5]), it was relevant and properly considered among the other relevant factors (*see*, *Matter of Sasso v Osgood*, 86 NY2d 374, 385, *supra*; *Matter of Stewart v Ferris*, 236 AD2d 767, *supra*; *see also*, *Matter of Chase v Zoning Bd. of Appeals*, 264 AD2d 929, 930; *Matter of Rogers v Baum*, 234 AD2d 685, 687, *supra*). Moreover, a careful review of the contract of sale reveals that petitioners' position—that they could not be relieved from the contract despite the zoning violations—was not sufficiently established.

Thus, having conducted extensive public hearings, weighed the prescribed statutory standards and engaged in a discretionary balancing analysis, the ZBA denied the requested area variance in a well-reasoned and detailed determination which is founded upon sufficient evidence to support its rationality (*see*, *Matter of Sasso v Osgood*, *supra*, at 384, n 2; *Matter of Filangeri v Foster*, 257 AD2d 895). Since, under all the circumstances, we cannot conclude that the ZBA's overall determination denying the area variance was in any respect irrational, arbitrary or an abuse of discretion, it should be upheld.

Mercure, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.