OPINION OF THE COURT
Peter M. Leavitt, J.
Ordered that this petition is disposed of as follows: Petition is granted to the extent that the matter is remanded to the *874 Zoning Board of Appeals for the Town of Harrison for further proceedings consistent with this decision.
The petitioners erected a fence along portions of their property abutting the adjacent streets. Sometime subsequent thereto, petitioners sought to legalize the fence. In the process, they discovered that the fence would require a variance from local zoning ordinances in order to remain as erected. Petitioners applied to the respondent Zoning Board of Appeals (hereinafter referred to as the ZBA) for the necessary variance. On or about April 6, 2001, the ZBA denied petitioners’ application. Petitioners instituted this CPLR article 78 proceeding to review the ZBA’s determination.
Prior to the enactment of Town Law § 267-b, the courts had long held: “It is incumbent upon an applicant for an area variance to demonstrate that ‘strict compliance with the zoning ordinance will result in practical difficulties’ [citations omitted].” (Matter of Fuhst v Foley, 45 NY2d 441, 445 [1978] [emphasis supplied].) Town Law § 267-b altered the standard by which area variances are considered. Now:
“The standard for area variances is contained in section 267-b (3) of the Town Law in a provision that does not expressly require the applicant to prove ‘practical difficulties’. It states:
“ ‘In making its determination [whether to grant an area variance], the zoning board of appeals shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant. In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance.’ *875 (Town Law § 267-b [3] [b] [emphasis added].)” (Sasso v Osgood, 86 NY2d 374, 382 [1995].)
The above-mentioned change in the Town Law has not altered the standard for judicial review of Zoning Board of Appeals determinations.
“In reviewing a determination of a zoning board of appeals to deny an application for an area variance, the scope of judicial review is limited to whether the action taken is illegal, arbitrary, or an abuse of discretion (see, Matter of Tarantino v Zoning Bd. of Appeals, 228 AD2d 511; Matter of Smith v Board of Appeals, 202 AD2d 674). The court may not substitute its judgment for that of the Board unless its determination is arbitrary or contrary to law (see, Matter of Brucia v Planning Bd., 157 AD2d 657). If the Board’s determination is supported by substantial evidence and has a rational basis, it will not be disturbed (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Tarantino v Zoning Bd. of Appeals, supra; Matter of Watral v Scheyer, 223 AD2d 711; Matter of Romano v Jenks, 220 AD2d 432).” (Baker v Brownlie, 248 AD2d 527, 528-529 [1998].)
Nevertheless, the change of the standard by which a Zoning Board of Appeals must consider an area variance request contained within Town Law § 267-b creates a subtle distinction that is critical to the instant case.
Based upon the old requirement, in order to succeed upon an application, a petitioner was obligated to place substantial evidence of the practical difficulties the petitioner faced in the record of the proceedings before the Zoning Board of Appeals. If the record of the proceedings before the Board did not show substantial evidence of the petitioner’s practical difficulties, a denial of the requested variance by the Board would be sustained.
Based upon the new standard, the Zoning Board of Appeals is obligated to undertake a balancing test. Therefore, in order for its determination to be sustained, there must be substantial evidence in the record of the proceedings before the Board that the Board did, in fact, undertake the necessary balancing test. Accordingly, the consequences of a lack of evidence in the record fall upon the Board rather than the petitioner. (Cf. Matter of Filangeri v Pulichene, 229 AD2d 702 [3d Dept 1996].) Therefore, the Board must see to it that the record contains *876 sufficient factual details of its consideration of the elements to be weighed in each area variance case before it. (Cf. Matter of Filangeri v Foster, 257 AD2d 895 [3d Dept 1999].)
In the instant case, the only indication of the ZBA’s consideration of the elements of the necessary balancing test is the recitation contained within the ZBA’s resolution dated April 5, 2001 denying the petitioners’ application. The transcript of the public hearing is completely devoid of any indication of the ZBA’s consideration of the elements of the balancing test. In order for there to be substantial evidence that the ZBA actually conducted the necessary balancing test, it becomes incumbent upon the ZBA to elicit appropriate factual information from the petitioners at the public hearing. Although the question is not before the Court at the moment, it would also behoove the ZBA to provide sufficient detail in its decision upon the variance request to show how the ZBA related the facts elicited at the public hearing to its considerations in the balancing test.
Based upon all of the foregoing, the instant petition is granted to the extent that the resolution of the ZBA is annulled due to the fact that the record upon review contains insufficient details to enable the Court to conclude that the ZBA’s determination is supported by substantial evidence. The matter is remanded to the ZBA for further proceedings. However, it must be emphasized that the ultimate outcome of the variance request remains within the discretion of the ZBA provided that the record contains substantial evidence to support it.