■ In the Matter of LOUIS BISCARDI, III, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HYDE PARK, Respondent. PAUL PAI et al., Intervenors-Respondents. [733 NYS2d 105] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Hyde Park dated January 26, 2000, which denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated July 26, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondent and intervenors-respondents appearing separately and filing separate briefs.

Without informing himself as to the applicable zoning laws, the petitioner was keeping and caring for a horse and three goats on his property. After being warned of zoning violations, he sought the necessary area variance in order to continue to keep and care for these animals. With regard to keeping these animals on his property, the zoning law specifically required, *inter alia*, that the petitioner possess land that was greater than five acres, and his land consisted only of 1.83 acres, creating the need for a substantial variance. The magnitude of such an area variance is significant since the greater the variance in area restrictions, the more severe the likely impact upon the community (*see, Matter of National Merritt v Weist*, 41 NY2d 438). Further, many of the petitioner's neighbors opposed his application, and submitted evidence that the animals could potentially and may have already adversely affected the physical and environmental conditions of the neighborhood. Thus, we cannot conclude that the Zoning Board of Appeals acted irrationally or capriciously in denying the application (*see, Matter of Bivona v Town of Plattekill Zoning Bd. of Appeals*, 268 AD2d 877; *Matter of Chase v Zoning Bd. of Appeals*, 264 AD2d 929; *Matter of Becvar v Scheyer*, 250 AD2d 842).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.