■ In the Matter of DONALD AXINN, Appellant, v TOWN OF NEWBURGH ZONING BOARD OF APPEALS, Respondent. [650 NYS2d 284] —In a proceeding pursuant to CPLR article 78 to review two determinations of the Town of Newburgh Zoning Board of Appeals, dated June 19, 1995, and August 23, 1995, respectively, which denied the petitioner's applications for area variances, the petitioner appeals from a judgment of the Supreme Court, Orange County (DiBlasi, J.), dated November 21, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In October 1992, the appellant applied to the Town of Newburgh Zoning Board of Appeals (hereinafter the Zoning Board) for three area variances to construct two buildings on property he owned on Union Avenue in Newburgh. The appellant proposed building one multi-tenant commercial structure and another structure to contain a Taco Bell restaurant. The variances were necessary because the lot for the multi-tenant building had a width of 290 feet, rather than the 300 feet required; the buildings did not have the required set-backs; and Town of Newburgh Zoning Code § 30.6.19 (B) (2) prohibits the location of "fast-food establishments" within 2000 feet of each other, while the proposed Taco Bell would be within 2000 feet of other fast-food establishments located in the Newburgh Mall.

Following a public hearing, the Zoning Board granted the variances the appellant sought, and on July 8, 1993, site plan approval was granted for the property. By the fall of 1994 the first building was erected and was occupied by commercial tenants, including a Chinese restaurant. The appellant, however,

failed to commence construction of the second building prior to the expiration of the variance.

In 1995, the appellant filed an application for new variances to permit a second building for a new tenant, a Boston Chicken restaurant. Following a public hearing, the Zoning Board denied this application, finding that the Chinese restaurant in the first building constructed by the appellant was a fast-food establishment. An additional public hearing was held, and the issue of the Chinese restaurant, among other matters, was discussed. The Zoning Board, by resolution dated August 23, 1995, again denied the variance, finding again that the Chinese restaurant was a "fast-food establishment" within the definition of Town of Newburgh Zoning Code § 30.2.1 (B).

The appellant then commenced this proceeding pursuant to CPLR article 78. By judgment dated November 21, 1995, the petition was denied and the proceeding was dismissed, as the court found that the decision of the Zoning Board was rational and not arbitrary and capricious. We affirm.

Under Town of Newburgh Zoning Code § 30.2.1 (B), a fast-food establishment is defined as "[a]n eating establishment, excluding bakeries and delicatessens, that provides quickly prepared or prepared foods without table service by waiters/waitresses, for consumption on the premises or for takeout. A fast-food establishment shall not be construed to mean an establishment that primarily dispenses alcoholic beverages". In contrast, a restaurant is defined as "[a]n eating establishment that provides table service. A restaurant shall not be construed to mean either an establishment that primarily dispenses alcoholic beverages or a fast-food establishment" (Town of Newburgh Zoning Code § 30.2.1 [B]).

The Chinese restaurant currently situated on the appellant's property provides buffet service and take-out meals for its patrons, clearly delineating it, at least in part, as a fast-food establishment and excluding it from the definition of "restaurant" under the zoning code provision in question. As the zoning code limits the definition of restaurants to those which exclude the services available at the Chinese restaurant, the Zoning Board had a rational basis for its determination that the appellant's proposal for an additional fast-food establishment adjacent to the existing one would be in violation of those provisions of the code limiting the clustering of such establishments (see, Matter of Fuhst v Foley, 45 NY2d 441). In addition, the Zoning Board properly weighed "the benefit to the applicant" against "the detriment to the health, safety and welfare of the neighborhood or community" (Town Law § 267-b

■ [b]; *Matter of Sasso v Osgood,* 86 NY2d 374). Accordingly, the proceeding was properly dismissed.

The appellant's remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.