■ In the Matter of ANTONIO DaSILVA, Respondent, v ZONING BOARD OF APPEALS OF VILLAGE OF MINEOLA, Appellant. [699 NYS2d 67] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Mineola, dated January 15, 1998, which, after a hearing, denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Dunne, J.), dated August 24, 1998, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner, Antonio DaSilva, applied to the Building Department of the Village of Mineola (hereinafter the Building Department) for permission to subdivide real property with the dimensions of 137.43 feet by 100 feet, located in a residential neighborhood of R-1 and R-3 zoning (Zoning Code of Incorporated Vil of Mineola §§ 30.21, 30.23). Zoning Code § 30.21 permits a one-family residence on a lot with a minimum square footage of 7,500 square feet. Zoning Code § 30.23 permits a two-family residence on a lot with the same minimum square footage. At the time of the subdivision application, there were two two-family houses located on DaSilva's property. He sought, however, to partition the land so as to yield one legal-sized lot of 7,500 square feet on which he intended to build a large, new one-family home of nonconforming dimensions, and

a second lot of substandard size on which the two existing structures stood. DaSilva intended to convert one of the two-family houses to a single-family dwelling.

The Building Department denied the application and the petitioner sought review by the Zoning Board of Appeals of the Village of Mineola (hereinafter the Zoning Board). Relying upon the negative recommendation of the Nassau County Planning Board, the Building Department's records, the applicable building ordinances, and testimony during the public hearing from neighbors who opposed the proposed variances and construction, the Zoning Board denied the petitioner's application in all respects. The Zoning Board concluded that granting the application would result in an over-intensified use of the property, noting, in particular, that under the applicable zoning laws, the substandard parcel could not legally support a single-family dwelling, and thus, an additional two-family dwelling on the same parcel was untenable.

A determination by a zoning board will not be set aside if it is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Cowan v Kern, 41 NY2d 591, 599). A court will find that a determination is supported by substantial evidence where "the record contains sufficient evidence to support the rationality of the Board's determination" (Matter of Sasso v Osgood, 86 NY2d 374, 384, n 2). Contrary to the Supreme Court's determination, there is substantial evidence in the record to support the Zoning Board's denial of the application. Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.