Matter of Baychester Retail III LLC v Perlmutter (2020 NY Slip Op 01961)





Matter of Baychester Retail III LLC v Perlmutter


2020 NY Slip Op 01961


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11286 156584/18

[*1]In re Baychester Retail III LLC, Petitioner-Appellant,
v
Margery Perlmutter, etc., et al., Respondents-Respondents.


Akerman LLP, New York (Richard G. Leland of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 4, 2019, denying the petition to annul a resolution of respondent Board of Standards and Appeals of the City of New York (BSA), dated February 27, 2018, which upheld the denial by the New York City Department of Buildings (DOB) of petitioner's applications for permits for a proposed signage installation at 2001 Bartow Avenue in the Bronx, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
BSA's determination that DOB properly denied petitioner's applications is rationally based in the record and not arbitrary and capricious (see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; Matter of Baychester Retail III LLC v Perlmutter, 161 AD3d 678, 678 [1st Dept 2018] ["Baychester I"], lv denied 32 NY3d 907 [2018]). Respondents rationally found that each 27-panel face of the installation should be treated as a single advertising sign for purposes of calculating the surface area (see Baychester I, 161 AD3d at 678). In so doing, respondents rationally considered the practical reality that, rather than being used to display 27 smaller advertisements, the 27 panels would be coordinated to project a single advertisement more than 9,000 square feet in area. Similarly, respondents rationally found that, although each panel would be affixed to the supporting monopole by its own armature, ultimately all of the panels were attached to a "single structure," i.e., the monopole itself. Respondents also rationally found that the resulting massive illuminated assembly would be a hazard to motorists on the nearby New England Thruway and a disruption to residents of nearby Co-op City.
Petitioner contends that, in disapproving its applications, respondents arbitrarily departed from precedent, i.e., other previously approved signage installations that used a similar multi-panel assembly and were found to constitute multiple signs. This contention is unavailing. In its resolution, BSA meaningfully distinguished petitioner's revised assembly from the earlier approved signage installations identified by petitioner (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516 [1985]; Matter of Take Two Outdoor Media LLC v Board of Stds. & Appeals of the City of N.Y., 146 AD3d 715 [1st Dept 2017]; see Baychester I, 161 AD3d at 679).
Similarly unavailing is petitioner's contention that, in finding its revised assembly to be a single sign, notwithstanding each panel's individual connection to the monopole, BSA arbitrarily deviated from its rationale in Baychester I, in which the connection of the panels to a common supporting grid, which in turn was affixed to the monopole, was a key factor in finding the original assembly to be a single sign. BSA did not apply different standards in evaluating the original and revised assemblies. In both cases, it considered whether the panels were attached to a common supporting structure. As to the original assembly, BSA found the panels' attachment to a common grid to be dispositive. While it suggested that a different outcome might obtain if an installation consisted of "multiple structures affixed to a single pole," it made clear that it "[did] not reach a determination as to any signage assembly other than" the common grid [*2]structure then before it. As to the revised assembly, BSA rationally concluded that, notwithstanding the panels' independent armatures, given their unified configuration, all the panels comprise a single structure affixed to the monopole.
As BSA did not materially change its position, petitioner's jurisdiction, judicial estoppel, and issue and claim preclusion arguments are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK